IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ALLEN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 06-0432-WS-B** |
| | ) |
| **BALDWIN COUNTY COMMISSION,** | ) |
|  et al., | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion to dismiss filed by defendant Baldwin County Commission ("the Commission") and defendant commissioners Frank Burt, Jr., David E. Bishop, Wayne A. Gruenloh and Albert Lipscomb ("the Commissioners") (collectively, "the Commission defendants"). (Doc. 7). The parties have filed briefs in support of their respective positions, (Docs. 7, 13, 16), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

**BACKGROUND**

The plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, alleges in pertinent part as follows: that the plaintiff was an inmate at the Baldwin County Corrections Center ("the Jail") in August 2004; that portions of the Jail's ceiling were then being painted by correctional officers with a product capable of causing respiratory, nervous, digestive and other disorders; that the plaintiff was required to scrape and sand old paint, and perform other work in connection with the painting process, in confined areas in which the paint was being used; that the plaintiff requested and was denied a respirator or other protective equipment; that he was hospitalized as a result of his exposure to the

paint's fumes; and that he continues to experience physical issues as a result of the exposure. (Doc. 1 at 3-8).

The complaint describes the painting as a maintenance function and alleges that Jail personnel carried out this function on behalf of the Commission defendants. The complaint alleges that the Commission defendants violated the plaintiff's Eighth and Fourteenth Amendment rights by their deliberate indifference to a substantial risk of serious harm. In particular, the complaint alleges that the Commission defendants: (1) "failed and neglected to use qualified personnel to plan and perform the painting work at the jail"; (2) "failed and neglected to provide adequate ventilation or personal protective gear"; and (3) "failed and neglected to provide Plaintiff access to Material Safety Data Sheets." (Doc. 1 at 9-10).

"A local government ... will be liable under section 1983 only for acts for which the local government is actually responsible." *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc). The Commission defendants argue that they cannot be responsible on a theory of respondeat superior for any constitutional violation visited by Jail employees, because Section 1983 liability can never be so based. The plaintiff agrees. The Commission defendants further argue that they cannot be responsible on a theory of having personally participated in the alleged constitutional violation, because the complaint does not allege such participation. Again, the plaintiff agrees.

Instead, the plaintiff argues that the Commission defendants are responsible because they violated their duty under Alabama law to maintain the Jail. This is a potential basis of liability. *Marsh v. Butler County*, 268 F.3d at 1027 ("Therefore, the County will have violated Plaintiffs' Eighth Amendment rights if its failure to maintain the Jail constituted deliberate indifference to a substantial risk of serious harm to the prisoners.").[1]

---

[1] The complaint alleges that Baldwin County acts by and through the Commission defendants. (Doc. 1 at 9). The Commission defendants do not challenge this assertion. (Doc. 7

**DISCUSSION**

"A motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "When considering [such] a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted).

Under Alabama law, "[e]ach county within the state shall be required to maintain a jail within their county." Ala. Code § 11-14-10. "We hold that, by using the phrase 'maintain a jail' in § 11-14-10, the Legislature intended to require the county commission to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline." *Keeton v. Fayette County*, 558 So. 2d 884, 886 (Ala. 1989). That is, a county "ha[s] a legal duty to keep the jail in a reasonably safe state of repair." *King v. Colbert County*, 620 So. 2d 623, 625 (Ala. 1993). This is an "affirmative duty" that exists even when the county "did not actively cause a condition of disrepair." *Id*. Thus, for example, the county in *King* had the responsibility to repair a faulty overhead light fixture which was not reasonably safe, even though the county did not actively cause the unsafe condition. *See id.* at 624, 625 (reversing a grant of summary judgment to the county on this basis).[2]

The duty to maintain extends only to the "jail and all equipment therein," *Keeton v.*

---

at 3). Thus, "the liability analyses for the two entities are identical." *Marsh v. Butler County*, 268 F.3d at 1023 n.3.

[2]*See also Marsh v. Butler County*, 268 F.3d at 1027 n.7 ("Under Alabama law, a county might be liable when the physical conditions of the jail have deteriorated and pose a serious threat to the safety of inmates and when those conditions have caused the injury to the inmates.").

*Fayette County*, 558 So. 2d at 886, that is, "to the physical plant." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1290 (11th Cir. 1998) (en banc). Thus, the county was not responsible for a liquid puddle on a bathroom floor, absent an allegation that the puddle "resulted from the condition or the repair of the jail and the equipment contained therein." *Stark v. Madison County*, 678 So. 2d 787, 788 (Ala. Civ. App. 1996).

A county's duties with respect to *maintaining* a jail facility must be distinguished from those with respect to *operating* the jail. "Madison County's duty is to provide adequate facilities and equipment to house the jail and to provide funding for certain aspects of operating the jail." *Stark v. Madison County*, 678 So. 2d at 788. "Alabama counties are not charged with the duty of operating jails; instead, it is the county sheriffs who are vested with that responsibility." *Ex parte Sumter County*, 2006 WL 2790036 at *3 (Ala. 2006). Consequently, "[t]he County cannot be liable for the harms that befall jail inmates due to improper operation of the jail or negligent supervision of its inmates because the County has no responsibility in that area." *Turquitt v. Jefferson County*, 137 F.3d at 1291.

The Commission defendants concede that painting the Jail constitutes maintenance of the facility, acknowledging that the Jail was "undergoing regular maintenance." (Doc. 7 at 8; Doc. 16 at 2). They offer several arguments why they nonetheless can have no liability for the plaintiff's injuries, but none is sufficiently supported to allow its adoption by the Court.

First, the Commission defendants argue that their only duty with respect to maintenance is to provide funding for it. (Doc. 7 at 5, 8; Doc. 16 at 2-3). They identify no authority supporting such a limited duty, however, offering only their ipse dixit. (Doc. 7 at 5).[3]

---

[3] It may be that they rely on this quote from *Turquitt*, which their brief highlights but does not address: "Section 11-14-20 places upon the County the duty to make available adequate funds, while § 11-14-21 passes the mantle of responsibility to the sheriff who must spend those funds ...." 137 F.3d at 1290. However, those sections, as well as Section 11-12-15(a)(1) to

Moreover, their position appears inconsistent with governing law. A county has a "legal duty to keep the jail in a reasonably safe state of repair," *King v. Colbert County*, 620 So. 2d at 625, and it is difficult to see how simply appropriating funds for maintenance, of itself, "keep[s]" a facility in good repair; all the appropriated funds in the world will not prevent a jail from collapsing if maintenance is not actually performed.

Second, the Commission defendants note that the plaintiff, unlike the plaintiff in *King*, was not injured by a poorly maintained structure but by the act of maintenance itself. (Doc. 7 at 8; Doc. 16 at 2). They do not explain why this is a meaningful distinction, and it is at least plausible that a duty to perform maintenance includes a duty to perform maintenance safely. That the Court in *Stark* found significance in the complaint's failure to allege that the puddle "resulted from the condition *or the repair* of the jail," 678 So. 2d at 788 (emphasis added), further suggests that dangerous conditions created in the course of maintenance fall within the county's scope of responsibility.

Third, the Commission defendants argue that, even though painting is a maintenance function, the "manner" in which the painting is performed is an operational function and thus beyond the scope of their duties and responsibilities. (Doc. 7 at 4, 8).[4] This position as well is supported only by the Commission defendants' ipse dixit. It also appears in tension with *Stark*'s suggestion that a condition created during maintenance/repair work (and thus resulting from the manner in which the work was performed) can form the basis of county liability.[5]

---

which they refer, address the funding of certain aspects of jail operation, not maintenance of the facility. *See also Stark v. Madison County*, 678 So. 2d at 788 ("Section 11-14-20, Code 1975, directs the county to make appropriations for the costs associated with the operation of the jail.").

[4] The Commission defendants coin a new phrase to describe such a function: "maintenance operations." (*Id.* at 5). The Court has been unable through computerized research to locate any state or federal case from Alabama utilizing the term in a jail context.

[5] It appears that the Commission defendants' argument is based on the unexamined and questionable assumption that, because only jail personnel can perform operational functions,

Finally, the Commission defendants argue that this case involves the assignment of inmates to work details, acts that implicate the "supervision of inmates" for which the county has no responsibility under *Turquitt*. (Doc. 7 at 4; Doc. 16 at 2). Generally, of course, this is true, but the Commission defendants have not attempted to show that it is true in the circumstances here presented. As noted above, the complaint alleges that Jail personnel performed the county's maintenance responsibility of painting the Jail and that they enlisted inmates to assist in this maintenance work. Employing inmates to perform a county's maintenance obligation does not obviously convert the task to an operational one.[6]

It is true that "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Turquitt v. Jefferson County*, 137 F.3d at 1292. It is also true that "Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Id.* at 1291. But there is no obvious reason to assume that, when a sheriff steps out of his operational role and undertakes the county's maintenance obligation, the county has no authority to tell the sheriff how to perform the work, including what safety equipment, personnel and warnings to utilize.

The Court does not hold that the Commission defendants, as a matter of law, can be held liable for the plaintiff's injuries. The Court rules only that their cursory briefing on issues of considerable subtlety and complexity does not satisfy the stringent standard governing dismissal for failure to state a claim.

## CONCLUSION

---

whatever jail personnel do must be operational in nature.

[6]The Commission defendants also ignore the complaint's allegation that they should not have allowed Jail personnel to perform the maintenance to begin with. That is, the plaintiff's claim is based in part on conduct preceding the inmates' involvement.

For the reasons set forth above, the Commission defendants' motion to dismiss is **denied**.

DONE and ORDERED this 27th day of December, 2006.

            s/ WILLIAM H. STEELE
            UNITED STATES DISTRICT JUDGE