# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 06-0432-WS-B |
| | ) | |
| BALDWIN COUNTY COMMISSION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motion to dismiss filed by defendant James B. Johnson. (Doc. 11). The parties have filed briefs in support of their respective positions, (Docs. 11, 15, 18, 20, 21), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be granted.

## BACKGROUND

The plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, alleges in pertinent part as follows: that the plaintiff was an inmate at the Baldwin County Corrections Center ("the Jail") in August 2004; that portions of the Jail's ceiling were then being painted by correctional officers with a product capable of causing respiratory, nervous, digestive and other disorders; that the plaintiff was required to scrape and sand old paint, and perform other work in connection with the painting process, in confined areas in which the paint was being used; that the plaintiff requested and was denied a respirator or other protective equipment; that he was hospitalized as a result of his exposure to the paint's fumes; and that he continues to experience physical issues as a result of the exposure. (Doc. 1 at 3-8).

Johnson is the Sheriff of Baldwin County. The complaint alleges that the Jail is

"under the general supervision of Johnson, who supervises all personnel and who establishes and promulgates all policies and procedures." (Doc. 1 at 3). The complaint describes the painting as a maintenance function and alleges that Johnson and co-defendant John Henry carried out this function on behalf of the County. (Doc. 1 at 9). The complaint alleges that Johnson: (1) "failed and neglected to use qualified personnel to plan and perform the painting work at the jail"; (2) "failed and neglected to provide adequate ventilation or personal protective gear"; and (3) "failed and neglected to provide Plaintiff access to Material Safety Data Sheets ["MSDS"]." (*Id*.). The complaint further alleges that Johnson "confined Plaintiff and all other inmates in constitutionally deficient conditions, to wit: in the presence of toxic chemicals against which no protection was provided" and that he "refused to provide adequate ventilation for the jail." (*Id*. at 11). The complaint alleges that Johnson "was deliberately indifferent to the substantial dangers faced by Plaintiff." (*Id*. at 10).

Johnson argues that the complaint fails to state a claim upon which relief can be granted. He argues in the alternative that he is entitled to qualified immunity.

## DISCUSSION

"A motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp*., 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "When considering [such] a motion to dismiss, all facts set forth in the plaintiff's complaint are to be are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted). Moreover, "all reasonable inferences drawn from those [well-pleaded] facts are taken as true." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003).

-2-

Defendants capable of asserting qualified immunity can claim the additional benefit of a "heightened pleading" standard, *e.g., Swann v. Southern Health Partners, Inc*., 388 F.3d 834, 836-38 (11th Cir. 2004), which requires that "the complaint must allege the relevant facts with some specificity." *Dalrymple v. Reno*, 334 F.3d at 996. Thus, for example, an allegation that the Attorney General knew and intended that law enforcement officers would commit constitutional violations against individuals protesting the seizure of Elian Gonzalez was inadequate, given the "fail[ure] to allege any facts in support of this allegation." *Id*. at 996-97. Likewise, allegations that the Attorney General and others "personally participated" in the officers' alleged constitutional violations and that there was a "causal connection" between their acts and the alleged violations failed to satisfy the heightened pleading requirement, because the plaintiffs "do not allege any facts to suggest that the defendants did anything more than personally direct and cause the execution of valid search and arrest warrants." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

A complaint against one capable of asserting qualified immunity must meet the heightened pleading standard with respect to the allegation of a basis for supervisory liability. *Gonzalez v. Reno*, 325 F.3d at 1235-36. Supervisory liability requires one of the following: (1) personal participation by the supervisor in the constitutional violation; (2) a history of widespread abuse ignored by the supervisor; (3) a custom or policy instituted by the supervisor that results in deliberate indifference to constitutional rights; (4) a direction from the supervisor to subordinates to act unlawfully; or (5) the supervisor's failure to stop subordinates from acting unlawfully when he knows they will do so. *Id*. at 1234-35. The complaint patently does not invoke any basis other than the third, and the plaintiff does not argue otherwise. He does insist, however, that his complaint alleges that Johnson established a policy, the execution of which violated his constitutional rights. (Doc. 15 at 1; Doc. 20 at 4.)

The plaintiff argues that Johnson established policy resulting in constitutional

violations if he "approved the use of the toxic materials in the jail, approved their use without adequate ventilation, approved their use by nonprofessional personnel, and refused to provide sufficient protective clothing and devices to the inmates who were exposed to the toxic materials." (Doc. 20 at 3). In proper circumstances, a "single decision by an official policymaker can establish the existence of an unconstitutional municipal policy." *Martinez v. City of Opa-Locka*, 971 F.2d 708, 713 (11th Cir. 1992). Thus, the Court assumes for purposes of argument that the conduct quoted above could constitute the establishment of policy resulting in the violation of the plaintiff's constitutional rights under the prevailing standard.[1] The issue becomes whether the complaint adequately alleges such conduct.

The complaint makes no such allegations expressly.[2] The plaintiff argues that, because Johnson "is in charge" of the Jail, a "presum[ption]" arises that he approved use of the paint by unqualified personnel and without protective gear or warning. (Doc. 20 at 3). A presumption, of course, is not required, but a reasonable inference from well-pleaded facts is necessary.

The complaint alleges that the Jail "is under the general supervision of Johnson." (Doc. 1 at 3). The adequacy of the complaint thus hinges on whether Johnson's "general supervision" of the Jail, of itself, raises a reasonable inference that he — as opposed to any other Jail personnel — decided to paint without providing inmates with protective equipment, ventilation, or warning of the paint's dangers. That is certainly *an* inference

---

[1]The assumption is a generous one, given the complaint's allegations. The complaint traces the plaintiff's injuries, not to the painting process in general, but to two discrete instances, in both of which the plaintiff experienced reactions to the fumes when he was forced by defendant Henry to work in a confined space while the paint was being applied. (Doc. 1 at 5-7). As Johnson notes, (Doc. 21 at 2), the complaint does not allege that he approved his subordinate's practice of compelling inmates to be trapped in small, unventilated rooms without protective gear while the ceilings of those rooms were painted.

[2]The Court generously assumes that the complaint's allegations of the defendants' failure to use qualified personnel, provide adequate ventilation and protective gear, or provide MSDS, (Doc. 1 at 9), incorporates allegations of Johnson's approval of these failures.

that could be drawn, but without additional facts it is not a reasonable one.  A hospital is under the general supervision of an administrator, and a bank is under the general supervision of a branch manager, but it does not follow that decisions on painting products and procedures are made by them.  In short, information about the structure, hierarchy and division of duties of an organization would be required to transform a possible inference about a supervisor's connection to painting decisions into a reasonable one.

The complaint does provide some such information, but all of it weakens, rather than strengthens, the plaintiff's proposed inference.  First, the complaint makes plain that a substantial number of employees work at the Jail,[3] increasing the probability that there is a significant distribution of duties.  Second, the complaint alleges that "[t]he Jail's maintenance is under the direct supervision of" co-defendant John Henry, greatly increasing the probability that he rather than Johnson made the decisions at issue.[4]  Third, the complaint fails to place Johnson at the Jail at any point during the events in question.[5]

The pleading in this case is as weak as, if not weaker than, that in the Eleventh Circuit's Elian Gonzalez cases.  There, at least, the plaintiffs were able to allege the

_____

[3]A minimum of three correctional officers were present at the same time on August 28, 2004, plus defendant Henry.  (Doc. 1 at 7, ¶ 45).  Either these officers or others responded when the plaintiff collapsed later that day.  (*Id.*, ¶¶ 50-51).  A jail nurse was also present at the time.  (*Id.*, ¶ 52).

[4](Doc. 1 at 4, ¶ 16).  The complaint professes ignorance of Henry's job title.  (*Id.*).  Were Henry a correctional officer, he would have been identified as such, as so many other correctional officers were identified in the complaint.
Although not part of the complaint, and so not anything on which the Court can rely on motion to dismiss, Johnson identifies Henry's job title as "Maintenance Engineer."  (Doc. 18 at 4).

[5]The plaintiff admits Johnson was absent.  (Doc. 20 at 4).  While, as discussed in text, Johnson's physical presence may not be a necessary legal predicate to liability, his absence throughout the period at issue further suggests that he was distanced from the decisions the plaintiff challenges.

Attorney General's involvement in the plans for the seizure of Elian from his relatives.[6] Here, there is neither a specific allegation that Johnson was involved in the challenged decisions nor a general allegation from which Johnson's involvement can be reasonably inferred, and the complaint contains allegations affirmatively rendering any such inference unreasonable.

The heightened pleading requirement applies as well to the essential element that Johnson acted with deliberate indifference.  *Maldonado v. Snead*, 168 Fed. Appx. 373, 379-80 (11th Cir. 2006).  The complaint alleges that Johnson was deliberately indifferent to an unreasonable risk of harm but, without allegations raising a reasonable inference that Johnson made the challenged decisions, there likewise can be no reasonable inference that Johnson acted with deliberate indifference in making those decisions.

The plaintiff pleads for an opportunity to conduct discovery, (Doc. 15 at 4), but a motion under Rule 12(b)(6) must be resolved before, not after, discovery.  *E.g., McReynolds v. Alabama Department of Youth Services*, 2006 WL 3147283 at *1 (11th Cir. 2006).

Because the complaint fails to allege against Johnson a claim upon which relief can be granted, dismissal is required on that ground alone, and it is unnecessary to consider his qualified immunity arguments.  *E.g., Dalrymple v. Reno*, 334 F.3d at 997; *accord Behrens v. Regier*, 422 F.3d 1255 (11th Cir. 2005).

For the reasons set forth above, Johnson's motion to dismiss is **granted**.  Because the plaintiff is represented by counsel yet failed to seek leave to amend his complaint to address the deficiencies pointed out by Johnson, dismissal is without leave to amend.[7]

---

[6]The case foundered for lack of additional facts from which to draw the reasonable inference that the Attorney General's involvement included not only seizing Elian but assaulting protesters in the neighborhood.  *Dalrymple v. Reno*, 334 F.3d at 996-97; *Gonzalez v. Reno*, 325 F.3d at 1235-36.

[7]*Wagner v. Daewoo Heavy Industries America Corp*., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  The two-year statute of limitations expired on or about August 28, 2006.  (Complaint,

DONE and ORDERED this 27th day of December, 2006.

<u>s/ WILLIAM H. STEELE</u>
UNITED STATES DISTRICT JUDGE

---

¶ 31).  Thus, even were the Court to grant leave to amend, any amendment would be time-barred.