# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0432-WS-B |
| ) | |
| BALDWIN COUNTY COMMISSION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion for enlargement of time to respond to the motion for summary judgment filed by the sole remaining defendant, John Henry. (Doc. 44). Henry's motion was filed on Friday, May 18, 2007. (Doc. 37). On Monday, May 21, the Court ordered the plaintiff to file any response on or before June 12, and for Henry to file any reply on or before June 22. The Court announced that it would take the motion for summary judgment under submission on June 22, 2007. (Doc. 43). These dates were not lightly chosen. The briefing schedule, as well as the May 18, 2007 deadline for filing dispositive motions,[1] were deliberately selected to provide the Court adequate time to resolve the motion sufficiently before the July 17, 2007 pretrial conference that the parties could incorporate its impact in the joint pretrial document due July 10, 2007. The July 17 pretrial date was itself deliberately selected to provide the parties and the Court time to resolve any motions in limine or other late-arising matters before jury selection on July 31 and trial in August.

June 12 came and went without the plaintiff filing a brief, or anything else. On

---

[1] The original deadline of April 23, 2007 was extended by the Court on the motion of certain defendants other than Henry, which motion was unopposed by the plaintiff. (Docs. 23, 31, 34).

June 22, the Court took the motion for summary judgment under submission and began investing its resources in creating an order resolving the motion. Finally, on June 27, the plaintiff filed the instant motion.

The plaintiff articulates two grounds for his motion: (1) his counsel has been busy working on other cases; and (2) counsel does not recall receiving the Court's briefing schedule. The plaintiff seeks an extension to July 11, 2007 in which to file a responsive brief.

"When by ... order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ...." Fed. R. Civ. P. 6(b)(2). The burden is on the party seeking an extension to make an "affirmative showing" of excusable neglect. *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987). The plaintiff ignores this standard, and it is plain that he cannot satisfy it.

"The fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2)." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (applying rule to a solo practitioner); *accord Clinkscales*, 831 F.2d at 1569. That clear statement of law leaves the plaintiff to rely on his counsel's failure to receive the order establishing the briefing schedule.

A careful reading of the plaintiff's motion reveals that it contains no representation that counsel did not in fact receive the order, simply that he "does not recall" receiving it. (Doc. 44, ¶ 5). This circumspection is appropriate, given that the Court's CM/ECF system reflects that counsel was served with the order on May 21, 2007 at the same electronic address he used for filing the instant motion for enlargement of time.

Nor would counsel's failure to receive the scheduling order excuse the plaintiff's failure to file a responsive brief. The local rules of this Court — with which counsel is required to comply — expressly state that a response to a motion for summary judgment

must be filed within 30 days after the motion is filed, unless the Court establishes a different time.  Local Rule 7.2(b).  Thirty days after May 18 was June 17 (a Sunday), rendering the plaintiff's response due no later than June 18.  A litigant's unfamiliarity with local rules establishing briefing deadlines does not constitute excusable neglect under Rule 6(b)(2).  *See Clinkscales*, 831 F.2d at 1569 (given a local rule requiring reply briefs to be filed within five days, the plaintiff could not reasonably believe he could wait six months to file a sur-rebuttal brief, even if local rules allowed such a brief); *Williams v. Packing Corp. of America*, 2007 WL 1725646 at *1 (M.D. Ga. 2007) ("Generally, ignorance of when a time period expires ... will not rise to the level of excusable neglect."); *Smith v. United Parcel Service, Inc*., 2006 WL 3327072 at *1 (N.D. Ga. 2006) ("The Court agrees ... that inadvertence in calculating the response time ... fail[s] to constitute excusable neglect.").

It may be that the determination of excusable neglect under Rule 6(b)(2) is now governed by a different standard.  In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court identified factors governing the excusable neglect analysis under Bankruptcy Rule 9006(b)(1) as including "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id*. at 395.  The Eleventh Circuit has applied *Pioneer* in other contexts, including that of Rule 6(b)(2).  *Fisher v. Office of the State Attorney*, 162 Fed. Appx. 937, 939-40 (11th Cir. 2006).  Because it is unpublished, *Fisher* is not binding precedent.  *Id*. at 937; 11th Cir. R. 36-2.  Even if this ambiguity is resolved in favor of applying *Pioneer* to Rule 6(b)(2),[2] and even if it is employed despite the plaintiff's failure to invoke it, it does not

---

[2] *Cf. Pioneer*, 507 U.S. at 391 (Rule 9006(b)(1) was patterned after Rule 6(b)); *Corwin v. Walt Disney Co*., 475 F.3d 1239, 1255 (11th Cir. 2007) (applying to Rule 6(b)(2) a case that itself applied *Pioneer*).

aid him.

With respect to awareness of the deadline for filing his response, "[t]he ancient legal maxim continues to apply [after *Pioneer*]: ignorance of fact may excuse; ignorance of law does not excuse." *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997). Even if counsel could be justifiably ignorant of the order establishing a briefing schedule, he could not be justifiably ignorant of the local rule requiring a responsive brief within 30 days absent a different time established by order.

While the Eleventh Circuit appears not to have revisited *McLaughlin* since *Pioneer* was decided, several circuits have reaffirmed its essential holding that a lawyer's busy schedule does not constitute excusable neglect. *See United States v. Mitchell*, 464 F.3d 1149, 1151 (10th Cir. 2006), *vacated on other grounds*, 2007 WL 555804 (U.S. 2007); *Stonkus v. City of Brockton School Department*, 322 F.3d 97, 101 (1st Cir. 2003); *In re: Goldblatt*, 2001 WL 1268921 at *2 (5th Cir. 2001); *Milligan v. Tupperware Worldwide, Inc.*, 1998 WL 538116 at *2 (2nd Cir. 1998); *Reynolds v. Wagner*, 1997 WL 423012 at *2 & n.2 (9th Cir. 1997).

Even if a full *Pioneer* analysis were required whenever counsel pleads simply a busy schedule, the result would not change. The reason for the delay, as just noted, is the generic one of the press of business, a reason universally available to both the diligent and the dilatory and squarely within the control of counsel. The length of the delay is either 15 days (if measured to the filing of the instant motion) or 29 days (if measured to the proposed filing date). While not extraordinarily long in absolute terms, it is uncomfortably so relative to the demands of the case schedule. As noted, this action is set for pretrial conference on July 17, jury selection on July 31, and trial in August, and granting the plaintiff's motion – with its necessary extension of time for Henry to file a reply — would guarantee that the motion for summary judgment could not be resolved before jury selection. This unfortunate result reflects both prejudice to Henry and interference with the administration of justice, made the worse because allowing briefs at

this late juncture would nullify the efforts the Court has already made towards resolving the ripe motion. The plaintiff's presumed good faith cannot outweigh the press of the remaining considerations. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (the factors of prejudice to the defendant and interference with efficient judicial administration are of "primary importance" under *Pioneer*); *Young v. City of Palm Bay*, 385 F.3d 859, 864 (11th Cir. 2004) ("Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline," while "[a] district court must be able to exercise its managerial power to maintain control over its docket").

For the reasons set forth above, the plaintiff's motion for enlargement of time is **denied**. Henry's motion for summary judgment remains under submission.

DONE and ORDERED this 28th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE